Daren M. Schlecter, Esq. (SBN 259537)
Law Office of Daren M. Schlecter, A Prof. Corp.
1925 Century Park East, Suite 1180
Los Angeles, CA 90067
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorney for Plaintiff/Creditor
Swift Financial, LLC fka Swift Capital Corporation, Inc

**FILED & ENTERED**

**DEC 07 2020**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**NOT FOR PUBLICATION**

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>AVI COHEN,<br><br>                                    Debtor.<br>SWIFT FINANCIAL, LLC, fka SWIFT CAPITAL CORPORATION, INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>AVI COHEN,<br><br><br><br>                 Defendant. | Case No.: 2:18-bk-17205-RK<br><br>Chapter 7<br><br>Adv. No. 2:18-ap-01296-RK<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; ORDER THEREON**<br><br>Pursuant to LBR 7056-1(b)(2)<br><br>Date: October 7, 2020<br>Time: 2:30 p.m.<br>Location: SEE CONCURRENTLY FILED NOTICE, COURTCALL ONLY |

**TO THE HONORABLE JUDGE ROBERT KWAN, UNITED STATES**

**BANKRUPTCY JUDGE, TO DEFENDANT AVI COHEN AND ALL OTHER PARTIES IN**

**INTEREST:**

Plaintiff Swift Financial, LLC hereby submits its Separate Statement of Uncontroverted

Facts and Conclusions of Law ("SUFCL"):

1

**A. Swift's 11 U.S.C §523(a)(2)(A) Claim**

| UNDISPUTED MATERIAL FACTS | EVIDENCE SHOWING FACTS ARE NOT SUBJECT TO DISPUTE |
|---|---|
| 1.  On or about May 31, 2017, Avi Cohen ("Debtor" or "Cohen") completed an online application for his business Perfume Dynasty with various contact and financial details in support of the application. | Declaration of Bonnie Carey at ¶8, Exhibit "A" |
| 2.  On the Application, Cohen indicated he needed the advance from Swift to "purchase inventory" and represented his monthly gross sales as $83,333.33. | Declaration of Bonnie Carey at ¶9 |
| 3.  Concurrently with the application, Debtor provided documentation to support the information contained in the Application consisting of 4 months of bank statements, proof of active status in the Secretary of State, Business EXP report (which confirms the borrowers business address, active status, ownership and then confirms their trade history), Driver's License and portions of a TLO investigative report ("Financial Documentation"). | Declaration of Bonnie Carey at ¶10 |

| | |
|---|---|
| 4.   On or about May 31, 2017, Swift and Cohen entered into a Future Receivables Sales Agreement for an advance of $75,000.00 to his business Perfume Dynasty, LLC (the "Agreement" or "FRSA"). | Declaration of Bonnie Carey at ¶11, Exhibit "B" |
| 5.   In addition to agreeing that Cohen would guarantee the debt, he agreed to give Swift two business bank accounts to initiate a weekly ACH debt to repay the advance, and granted Swift a security interest in Debtor's collateral, including sales and inventory. | Declaration of Bonnie Carey at ¶11, Exhibit "B"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 6.   Subsequently, and in reliance on the Application and Financial Documentation, Swift wired $75,000.00 to Cohen on June 2, 2017 in exchange for his agreement to repay $92,175.00 in weekly draws in the amount of $2,560.42 until paid in full (the "Advance"). | Declaration of Bonnie Carey at ¶12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶11. |
| 7.   On or about June 2, 2017, Swift caused a UCC Financing Statement to be filed with the California Department of State. | Declaration of Bonnie Carey at ¶13, Exhibit "C"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |

| | |
|---|---|
| 8.    The Agreement further required Perfume Dynasty through Debtor, to provide and maintain an irrevocable ACH debit to allow Plaintiff to take of future receivables to satisfy the amount of receivables purchased. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 9.    Defendant's company Perfume Dynasty, LLC incurred at least $63,110.31 in business debt at the time he sought monies for the advance from Swift, and which remain unpaid. | Declaration of Daren M. Schlecter at ¶¶5-6, Exhibit "B" |
| 10.  Just days later, in or about June, 2017, Perfume Dynasty by and through Debtor, defaulted on his first payment under the Agreement, failed to inform Plaintiff prior to debiting payments that there were insufficient funds in the bank account identified under the Agreement, and failed to maintain a bank account that could satisfy the Obligation. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |
| 11.  Debtor maintained multiple other bank accounts into which he continued to deposit and thus divert sales receipts without repaying Swift. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |

| | |
|---|---|
| 12.  Debtor knew at the time he received the Advance from Swift that he had closed or was planning on closing Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶20; *see also* ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 1-12; *see also* ¶14, Exhibit "F" (Requests for Admission ("RFA") No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law. RFA No. 9: Admit that YOUR first payment to repay Swift under the AGREEMENT bounced in early June, 13 2017. RFA No. 13: Admit that YOU knew YOU could not repay the ADVANCE to Swift on May 31, 2017 |

| | |
|---|---|
| 13.  Defendant knew at the time he took the Advance from Swift that he had insufficient monies to repay Swift as of May 31, 2017. | Declaration of Daren M. Schlecter at ¶14, Exhibit "F" (Requests for Admission No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law.<br><br>RFA No. 11:<br>Admit that there were sufficient monies from May 31, 2017 to November, 2017 to repay the 18 ADVANCE under the AGREEMENT.<br><br>RFA No. 13:<br>Admit that Perfume Dynasty, LLC did not have two full time employees as represented in the 28 attached Application YOU submitted to Swift on May 31, 2017 |
| 14. Defendant did not use the monies from Swift to purchase inventory, but to pay off vendors. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 2-12. |

| | |
|---|---|
| 15.  According to Swift's records, Swift's first attempt to withdraw monies from Debtor's bankruptcy account in the amount of $2,560.42 bounced on or about June 9, 2017, resulting in an NSF fee.  Thus, Debtor made no payments towards the Loan. | Declaration of Bonnie Carey at ¶14. |
| 16.    Defendant admitted at his 341(a) meeting of creditors that at the time he closed his business, he gave away all of his inventory for pennies on the dollar. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 8, Lines 1-3 |
| 17.    Defendant admitted at his 341(a) meeting of creditors that he closed Perfume Dynasty, LLC in or about June, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript, p. 7, Lines 14-18 [Closed the business about a year and half before 341a, which was on September 6, 2018] |
| 18.    After defaulting, Swift began phone and in writing collection efforts. On or about July 10, 2017, Swift emailed a hold demand to Paypal pursuant to the UCC Financing Statement and guarantee under the FRSA. | Declaration of Bonnie Carey at ¶15. |
| 19.    Debtor used his Paypal account(s) to operate Perfume Dynasty, LLC. | Declaration of Bonnie Carey at ¶15; Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p 15-17. |

| | |
|---|---|
| 20.    Debtor/Defendant did not keep any documents showing the sales of Perfume Dynasty, LLC, including for July, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 15, Lines 1-8 |
| 21.    Debtor did not keep track of sales in the operation of Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 5, Lines 19-24. |
| 22. Debtor's bankruptcy petition shows that his 2017 and 2018 gross income from operating a business was $0.00. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" |
| 23.  Based on the Debtor's bankruptcy petition and testimony at his 341a meeting of creditors, Perfume Dynasty, LLC was struggling financially at the time the advance was made to Debtor/Defendant. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" (page 32/33 of Debtor's bankruptcy petition showing no gross income from operation of his business); Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 12, Lines 1-12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶¶ 13, 20 |
| 24. Swift was never provided notice of any of Debtor Avi Cohen's bankruptcy filings. Swift discovered the current bankruptcy filing only after the Debtor had filed for bankruptcy and Swift contacted him in continuing collection efforts in or about July 9, 2018. | Declaration of Bonnie Carey at ¶16. |

| **CONCLUSIONS OF LAW** | **LAW SUPPORTING CONCLUSIONS OF LAW** |
|---|---|
| 1. Defendant's representation that he was using monies from Swift to purchase inventory was materially false if it included information which is "substantially inaccurate" and is of the type that would affect the creditor's decision making process; to except a debt from discharge, the creditor must show not only that the statements are inaccurate, but also that they contain important and substantial untruths. | *In re Greene*, 96 B.R. 279, 283 (9th Cir. BAP 1989). |
| 2. Defendant's statement of monthly sales of $83,333.00 on his Application without any basis or supporting documentation constitute a materially fraudulent misrepresentation as a reckless indifference to the actual facts, without examining the available source of knowledge which lay at hand. | *Advanta Nat'l Bank v. Kong* (In re Kong), 239 B.R. 815, 826 (BAP 9th Cir.1999) |
| 3. Debtor's Lack of sale records may be relevant in considering misrepresentations made under 11 U.S.C. §523(a)(2)(A). | *In re Heckencamp*, 110 B.R. 1, 2 (Bankr. C.D. 1989)(Borrower had no records to show what he did with the money) |
| 4. A debtor's promise while not intending to pay or knowing that payment would be impossible is actionable under 11 U.S.C. §523(a)(2)(A). | *Citibank (South Dakota) N.A. v. Lee* (In re Lee), 186 B.R. 695, 699 (9th Cir. BAP 1995) |

| 5.  Defendant's ability to repay may be a factor in determining the debtor's intent. | *In re Cole,* 226 B.R. 647, 656, fn 12 (9th Cir. 1998) |
|---|---|
| 6. The Court may conclude "intent to deceive" based on circumstantial evidence, including drawing inferences from the Debtor's actions and the surrounding circumstances. | *In re Eashai*, 87 F.3d 1082, 1090 (9th Cir. 1996); *In re Brody*, 2017 WL 992408 at *7 (9th Cir. BAP 2017). |
| 7. Swift reliance on Defendant was justifiable given the extent of Swift's investigation into the continued operation of Perfume Dynasty, LLC | *Field v. Mans,* 516 U.S. 59, 73-76 (1995*); In re Eashai*, 87 F.3d 1082, 1090 (9th Cir. 1996) |
| 8. Defendant's representations caused Swift damages, including the utter failure of Debtor to repay any of the advance. | 11 U.S.C. §523(a)(2)(A); *Britton v. Price* (In re Britton), 950 F.2d 602, 604 (9th Cir.1991) |

**B. Swift's 11 U.S.C §523(a)(2)(B) Claim**

| <u>UNDISPUTED MATERIAL FACTS</u> | <u>EVIDENCE SHOWING FACTS ARE NOT SUBJECT TO DISPUTE</u> |
|---|---|
| 1. On or about May 31, 2017, Avi Cohen ("Debtor" or "Cohen") completed an online application for his business Perfume Dynasty with various contact and financial details in support of the application. | Declaration of Bonnie Carey at ¶8, Exhibit "A" |
| 2. On the Application, Cohen indicated he needed the advance from Swift to "purchase inventory" and represented his monthly gross sales as $83,333.33. | Declaration of Bonnie Carey at ¶9 |

| | |
|---|---|
| 3.  Concurrently with the application, Debtor provided documentation to support the information contained in the Application consisting of 4 months of bank statements, proof of active status in the Secretary of State, Business EXP report (which confirms the borrowers business address, active status, ownership and then confirms their trade history), Driver's License and portions of a TLO investigative report ("Financial Documentation"). | Declaration of Bonnie Carey at ¶10 |
| 4.  Subsequently, and in reliance on the Application and Financial Documentation, Swift wired $75,000.00 to Cohen on June 2, 2017 in exchange for his agreement to repay $92,175.00 in weekly draws in the amount of $2,560.42 until paid in full (the "Advance"). | Declaration of Bonnie Carey at ¶12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶11. |

| | |
|---|---|
| 5.  Defendant knew at the time he took the Advance from Swift that he had insufficient monies to repay Swift as of May 31, 2017. | Declaration of Daren M. Schlecter at ¶14, Exhibit "F" (Requests for Admission No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law.<br><br>RFA No. 11:<br>Admit that there were sufficient monies from May 31, 2017 to November, 2017 to repay the ADVANCE under the AGREEMENT.<br><br>RFA No. 13:<br>Admit that Perfume Dynasty, LLC did not have two full time employees as represented in the Application YOU submitted to Swift on May 31, 2017 |
| 6.  Debtor/Defendant did not keep any documents showing the sales of Perfume Dynasty, LLC, including for July, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 15, Lines 1-8 |
| 7. Debtor did not keep track of sales in the operation of Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 5, Lines 19-24. |
| 8. Debtor's bankruptcy petition shows that his 2017 and 2018 gross income from operating a business was $0.00. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" |

| | |
|---|---|
| 9. Based on the Debtor's bankruptcy petition and testimony at his 341a meeting of creditors, Perfume Dynasty, LLC was struggling financially at the time the advance was made to Debtor/Defendant. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" (page 32/33 of Debtor's bankruptcy petition showing no gross income from operation of his business); Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 12, Lines 1-12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶¶ 13, 20 |
| **CONCLUSIONS OF LAW** | **LAW SUPPORTING CONCLUSIONS OF LAW** |
| 1.  Swift's Application qualifies as a statement "respecting the debtor's or an insider's financial condition" | *Lamar, Archer & Cofrin, LLP v. Appling*,  138 S.Ct. 1752, 1760-1761 (2018) |
| 2.  Debtor's statement of gross monthly sales was a statement that has a direct relation to or impact on the debtor's overall financial status. | *Lamar, Archer & Cofrin, LLP v. Appling*,  138 S.Ct. 1752, 1760-1761 (2018) |

| | |
|---|---|
| 3. Given Defendant's general lack of sales record keeping, keeping documents, and representation of zero gross income on his bankruptcy petition, his statement of gross monthly sales was a materially false statement which painted a substantially untruthful picture of his financial condition by misrepresenting information of the type which would normally affect the decision to grant credit. | *First Interstate Bank of Nevada v. Greene* (In re Greene), 96 B.R. 279, 283 (9th Cir. BAP 1989) |
| 4. Swift's reliance on Defendant was reasonable given the extent of Swift's financial review/diligence into the sales and general financial condition of Perfume Dynasty, LLC, including the lack of any indication that the Application was inaccurate or otherwise false. | *In re Gertsch*, 237 BR 160, 170 (9 th Cir. BAP 1999); *In re Candland* (9th Cir. 1996) 90 F3d 1466, 1470 |
| 5. Defendant's representations caused Swift damages, including the utter failure of Debtor to repay any of the advance. | 11 U.S.C. §523(a)(2)(B); *Candland v. Insurance Co. of N. America* (In re Candland), 90 F.3d 1466, 1469 (9th Cir.1996). |

**C. Swift's 11 U.S.C §523(a)(4) Claim**

| UNDISPUTED MATERIAL FACTS | EVIDENCE SHOWING FACTS ARE NOT SUBJECT TO DISPUTE |
|---|---|
| 1. On or about May 31, 2017, Avi Cohen ("Debtor" or "Cohen") completed an online application for his business Perfume Dynasty with various contact and financial details in support of the application. | Declaration of Bonnie Carey at ¶8, Exhibit "A" |
| 2. Concurrently with the application, Debtor provided documentation to support the information contained in the Application consisting of 4 months of bank statements, proof of active status in the Secretary of State, Business EXP report (which confirms the borrowers business address, active status, ownership and then confirms their trade history), Driver's License and portions of a TLO investigative report ("Financial Documentation"). | Declaration of Bonnie Carey at ¶10 |
| 3. On or about May 31, 2017, Swift and Cohen entered into a Future Receivables Sales Agreement for an advance of $75,000.00 to his business Perfume Dynasty, LLC (the "Agreement" or "FRSA") | Declaration of Bonnie Carey at ¶11, Exhibit "B" |

| | |
|---|---|
| 4. In addition to agreeing that Cohen would guarantee the debt, he agreed to give Swift two business bank accounts to initiate a weekly ACH debt to repay the advance, and granted Swift a security interest in Debtor's collateral, including sales and inventory. | Declaration of Bonnie Carey at ¶11, Exhibit "B"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 5. Subsequently, and in reliance on the Application and Financial Documentation, Swift wired $75,000.00 to Cohen on June 2, 2017 in exchange for his agreement to repay $92,175.00 in weekly draws in the amount of $2,560.42 until paid in full (the "Advance"). | Declaration of Bonnie Carey at ¶12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶11. |
| 6. On or about June 2, 2017, Swift caused a UCC Financing Statement to be filed with the California Department of State. | Declaration of Bonnie Carey at ¶13, Exhibit "C"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 7. The Agreement further required Perfume Dynasty through Debtor, to provide and maintain an irrevocable ACH debit to allow Plaintiff to take of future receivables to satisfy the amount of receivables purchased. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |

| | |
|---|---|
| 8. Just days later, in or about June, 2017, Perfume Dynasty by and through Debtor, defaulted on his first payment under the Agreement, failed to inform Plaintiff prior to debiting payments that there were insufficient funds in the bank account identified under the Agreement, and failed to maintain a bank account that could satisfy the Obligation. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |
| 9. Debtor maintained multiple other bank accounts into which he continued to deposit and thus divert sales receipts without repaying Swift. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |
| 10. Debtor knew at the time he received the Advance from Swift that he had closed or was planning on closing Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶20; *see also* ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 1-12; *see also* ¶14, Exhibit "F" (Requests for Admission ("RFA") No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law. RFA No. 9: Admit that YOUR first payment to repay Swift under the AGREEMENT bounced in early June, 13 2017. RFA No. 13: Admit that YOU knew YOU could not repay the ADVANCE to Swift on May 31, 2017 |

| 11. Defendant knew at the time he took the Advance from Swift that He Had Insufficient Monies to Repay Swift as of May 31, 2017 | Declaration of Daren M. Schlecter at ¶14, Exhibit "F" (Requests for Admission No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law. |
|---|---|
| | RFA No. 11: <br> Admit that there were sufficient monies from May 31, 2017 to November, 2017 to repay the 18 ADVANCE under the AGREEMENT. |
| | RFA No. 13: <br> Admit that Perfume Dynasty, LLC did not have two full time employees as represented in the 28 attached Application YOU submitted to Swift on May 31, 2017 |
| 12. Defendant did not use the monies from Swift to purchase inventory, but to pay off vendors. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 2-12. |

| | |
|---|---|
| 13. According to Swift's records, Swift's first attempt to withdraw monies from Debtor's bankruptcy account in the amount of $2,560.42 bounced on or about June 9, 2017, resulting in an NSF fee.  Thus, Debtor made no payments towards the Loan. | Declaration of Bonnie Carey at ¶14. |
| 14. Defendant admitted at his 341(a) meeting of creditors that at the time he closed his business, he gave away all of his inventory for pennies on the dollar. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 8, Lines 1-3 |
| 15. Defendant admitted at his 341(a) meeting of creditors that he closed Perfume Dynasty, LLC in or about June, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript, p. 7, Lines 14-18 [Closed the business about a year and half before 341a, which was on September 6, 2018] |
| 16. After defaulting, Swift began phone and in writing collection efforts. On or about July 10, 2017, Swift emailed a hold demand to Paypal pursuant to the UCC Financing Statement and guarantee under the FRSA. | Declaration of Bonnie Carey at ¶15. |
| 17. Debtor used his Paypal account(s) to operate Perfume Dynasty, LLC. | Declaration of Bonnie Carey at ¶15; Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p 15-17. |
| 18. Debtor/Defendant did not keep any documents showing the sales of Perfume Dynasty, LLC, including for July, 2017 | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 15, Lines 1-8 |

| | |
|---|---|
| 19. Debtor did not keep track of sales in the operation of Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 5, Lines 19-24. |
| 20. Debtor's bankruptcy petition shows that his 2017 and 2018 gross income from operating a business was $0.00. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" |
| 21.  Based on the Debtor's bankruptcy petition and testimony at his 341a meeting of creditors, Perfume Dynasty, LLC was struggling financially at the time the advance was made to Debtor/Defendant. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" (page 32/33 of Debtor's bankruptcy petition showing no gross income from operation of his business); Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 12, Lines 1-12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶¶ 13, 20 |
| **CONCLUSIONS OF LAW** | **LAW SUPPORTING CONCLUSIONS OF LAW** |
| 1.   While Defendant entered into the Agreement with Swift, the assets of Perfume Dynasty by the granting of a security interest and subsequent UCC lien against the sales became Swift's property to satisfy repayment of the Agreement.  Defendant's ability to relinquish collateral consisting of inventory of Perfume Dynasty, LLC but | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991).  *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997); *In re Montes*, 177 B.R. 325, 331 (Bankr. C.D. Cal. 1994) |

| | |
|---|---|
| failure to do so establishes Defendant's conversion of the collateral where Defendant's unilateral transfer of all of the inventory of the business for pennies on the dollar is evidence of intent to defraud with no reasonable expectation of continuation of business operations, which demonstrates embezzlement of Plaintiff's collateral. | |
| 2. Defendant's lack of sales records and tracking sales is evidence of Defendant's intent to defraud. | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |
| 3. Defendant's closing of Perfume Dynasty, LLC at or about the time the Advance was given is evidence of Defendant's intent to defraud. | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |
| 4. Defendant's default on his first payment under the Agreement is evidence of Defendant's intent to defraud. | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |
| 5. Defendant's use of the Advance monies to pay off other vendors is evidence of Defendant's intent to defraud. | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |
| 6. Defendant's failure to pay any amount of the Advance is evidence Defendant's intent to defraud. | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |
| 7. Defendant's use of multiple unexplained bank accounts, including a separate Paypal | *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 555 (9th Cir.1991); *First Del. Life Ins. Co. v. Wada* |

| | |
|---|---|
| account is evidence of Defendant's intent to defraud. | (In re Wada), 210 B.R. 572, 576–77 (9th Cir. BAP 1997) |

**D. Swift's 11 U.S.C §523(a)(6) Claim**

| UNDISPUTED MATERIAL FACTS | EVIDENCE SHOWING FACTS ARE NOT SUBJECT TO DISPUTE |
|---|---|
| 1. On or about May 31, 2017, Avi Cohen ("Debtor" or "Cohen") completed an online application for his business Perfume Dynasty with various contact and financial details in support of the application. | Declaration of Bonnie Carey at ¶8, Exhibit "A" |
| 2. Concurrently with the application, Debtor provided documentation to support the information contained in the Application consisting of 4 months of bank statements, proof of active status in the Secretary of State, Business EXP report (which confirms the borrowers business address, active status, ownership and then confirms their trade history), Driver's License and portions of a TLO investigative report ("Financial Documentation"). | Declaration of Bonnie Carey at ¶10 |
| 3. On or about May 31, 2017, Swift and Cohen entered into a Future Receivables Sales | Declaration of Bonnie Carey at ¶11, Exhibit "B" |

| | |
|---|---|
| Agreement ("FRSA") for an advance of $75,000.00 to his business Perfume Dynasty, LLC (the "Agreement"). | |
| 4.  In addition to agreeing that Cohen would guarantee the debt, he agreed to give Swift two business bank accounts to initiate a weekly ACH debt to repay the advance, and granted Swift a security interest in Debtor's collateral, including sales and inventory. | Declaration of Bonnie Carey at ¶11, Exhibit "B"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 5.  Subsequently, and in reliance on the Application and Financial Documentation, Swift wired $75,000.00 to Cohen on June 2, 2017 in exchange for his agreement to repay $92,175.00 in weekly draws in the amount of $2,560.42 until paid in full (the "Advance"). | Declaration of Bonnie Carey at ¶12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶11. |
| 6.  On or about June 2, 2017, Swift caused a UCC Financing Statement to be filed with the California Department of State. | Declaration of Bonnie Carey at ¶13, Exhibit "C"; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |
| 7.  The Agreement further required Perfume Dynasty through Debtor, to provide and maintain an irrevocable ACH debit to allow | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶12. |

| | |
|---|---|
| Plaintiff to take of future accounts receivables to satisfy the amount of receivables purchased. | |
| 8. Just days later, in or about June, 2017, Perfume Dynasty by and through Debtor, defaulted on his first payment under the Agreement, failed to inform Plaintiff prior to debiting payments that there were insufficient funds in the bank account identified under the Agreement, and failed to maintain a bank account that could satisfy the Obligation. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |
| 9. Debtor maintained multiple other bank accounts into which he continued to deposit and thus divert sales receipts without repaying Swift. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶13. |
| 10. Debtor knew at the time he received the Advance from Swift that he had closed or was planning on closing Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶20; *see also* ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 1-12; *see also* ¶14, Exhibit "F" (Requests |

| | |
|---|---|
| | for Admission ("RFA") No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law. RFA No. 9: Admit that YOUR first payment to repay Swift under the AGREEMENT bounced in early June, 13 2017. RFA No. 13: Admit that YOU knew YOU could not repay the ADVANCE to Swift on May 31, 2017 |
| 11. Defendant knew at the time he took the Advance from Swift that he had insufficient monies to repay Swift as of May 31, 2017. | Declaration of Daren M. Schlecter at ¶14, Exhibit "F" (Requests for Admission No. 9 & 13, ¶17, Exhibit "H" (late responses to Requests for Admissions), which Plaintiff asserts are both deemed admitted by operation of law. RFA No. 11: Admit that there were sufficient monies from May 31, 2017 to November, 2017 to repay the 18 ADVANCE under the AGREEMENT. RFA No. 13: Admit that Perfume Dynasty, LLC did not have two full time employees as represented in the 28 attached Application YOU submitted to Swift on May 31, 2017 |
| 12. Defendant did not use the monies from Swift to purchase inventory, but to pay off vendors. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 12, Lines 2-12. |

| | |
|---|---|
| 13. According to Swift's records, Swift's first attempt to withdraw monies from Debtor's bankruptcy account in the amount of $2,560.42 bounced on or about June 9, 2017, resulting in an NSF fee.  Thus, Debtor made no payments towards the Loan. | Declaration of Bonnie Carey at ¶14. |
| 14. Defendant admitted at his 341a meeting of creditors that at the time he closed his business, he gave away all of his inventory for pennies on the dollar. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 8, Lines 1-3 |
| 15. Defendant admitted at his 341a meeting of creditors that he closed Perfume Dynasty, LLC in or about June, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript, p. 7, Lines 14-18 [Closed the business about a year and half before 341a, which was on September 6, 2018] |
| 16. After defaulting, Swift began phone and in writing collection efforts. On or about July 10, 2017, Swift emailed a hold demand to Paypal pursuant to the UCC Financing Statement and guarantee under the FRSA. | Declaration of Bonnie Carey at ¶15. |
| 17. Debtor used his Paypal account(s) to operate Perfume Dynasty, LLC. | Declaration of Bonnie Carey at ¶15; Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p 15-17. |

| | |
|---|---|
| 18. Debtor/Defendant did not keep any documents showing the sales of Perfume Dynasty, LLC, including for July, 2017. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 15, Lines 1-8 |
| 19. Debtor did not keep track of sales in the operation of Perfume Dynasty, LLC. | Declaration of Daren M. Schlecter at ¶9, Exhibit "C" Certified Copy of 341a Transcript at p. 5, Lines 19-24. |
| 20. Debtor's bankruptcy petition shows that his 2017 and 2018 gross income from operating a business was $0.00. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" |
| 21. Based on the Debtor's bankruptcy petition and testimony at his 341a meeting of creditors, Perfume Dynasty, LLC was struggling financially at the time the advance was made to Debtor/Defendant. | Declaration of Daren M. Schlecter at ¶¶3-4, Exhibit "A" (page 32/33 of Debtor's bankruptcy petition showing no gross income from operation of his business); Declaration of Daren M. Schlecter at ¶9, Exhibit "C" – Certified Copy of 341a Transcript at p. 7, Lines 14-25, p. 12, Lines 1-12; Declaration of Daren M. Schlecter at ¶12, Exhibit "E", Defendant's Answer to Adversary Complaint, within ¶¶ 13, 20 |
| **CONCLUSIONS OF LAW** | **LAW SUPPORTING CONCLUSIONS OF LAW** |
| 1.  Defendant acted willfully because he could only have known that the transfer of | *Carrillo v. Su* (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002). |

| | |
|---|---|
| Perfume Dynasty LLC's inventory for pennies on the dollar would result in injury to Swift based on the security interest granted in Swift's favor. | |
| 2.  Defendant acted willfully because he could only have known that the use of the Advance to pay off vendors instead of purchasing inventory would result in injury to Swift based on the security interest granted in Swift's favor. | *Carrillo v. Su* (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002). |
| 3.  Defendant acted willfully because he could only have known that his closing or planning on closing Perfume Dynasty at or about the time he accepted the Advance from Swift would result in injury to Swift based on the security interest granted in Swift's favor. | *Carrillo v. Su* (In re Su), 290 F.3d 1140, 1142 (9th Cir.2002). |
| 4.  Defendant's act of giving away Perfume Dynasty's inventory for pennies on the dollar showed malice because it was a wrongful act which necessarily produced harm and was without just cause or excuse. | *Petralia v. Jercich* (In re Jercich), 238 F.3d 1202, 1209 (9th Cir.2001); *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 554(9th Cir.1991). |
| 5.  Defendant's act paying off other vendors instead of purchasing inventory with the | *Petralia v. Jercich* (In re Jercich), 238 F.3d 1202, 1209 (9th Cir.2001); *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 554(9th Cir.1991) |

| | |
|---|---|
| Advance money from Swift showed malice because it was a wrongful act which necessarily produced harm and was without just cause or excuse. | |
| 6. Defendant's act of accepting the Swift Advance at the time he was closing or planning on closing Perfume Dynasty showed malice because it was a wrongful act which necessarily produced harm and was without just cause or excuse. | *Petralia v. Jercich* (In re Jercich), 238 F.3d 1202, 1209 (9th Cir.2001); *Transamerica Commercial Fin. Corp. v. Littleton* (In re Littleton), 942 F.2d 551, 554(9th Cir.1991) |
| 7. Defendant's Statement of Genuine Issues of Material Fact in Dispute in Support of Opposition to Motion for Summary Judgment Pursuant to Local Rule 56-2, filed on November 3, 2020, is insufficient to create a genuine issue of material fact because the Statement is a conclusory, self-serving declaration, lacking detailed facts and any supporting evidence. | *F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) |

DATED: August 26, 2020

Law Office of Daren M. Schlecter

/s/ Daren M. Schlecter

By: _____

Daren M. Schlecter, Esq.

29

## __ORDER__

The above Separate Statement of Uncontroverted Facts and Conclusions of Law as reviewed and modified by the court is hereby adopted and so ordered.  By separate order being filed and entered concurrently herewith, the court grants Plaintiff's motion for summary judgment.

IT IS SO ORDERED.

###

Date: December 7, 2020

Robert Kwan
United States Bankruptcy Judge